## MOSS—TATE INV. CO. v. OWENS.
### (No. 10443.)

Court of Civil Appeals of Texas. Dallas.
· Nov. 15, 1929.

Rehearing Denied Dec. 14, 1929.

Coombes & Coombes, of Dallas, for appellant.

Cockrell, McBride, O'Donnell & Hamilton, of Dallas, for appellee.

VAUGHN, J. Appellee Owens filed this suit in the court below on March 10, 1926, against appellant, a private corporation, to recover the sum of $3,160, and interest thereon, alleged to have been paid appellant by appellee in excess of the consideration that appellee should have paid appellant for a certain tract of land, located in the city of Dallas, Dallas county, Tex., viz. lot 13 in block A of the third revised plat of Hampton terrace, an addition to the city of Dallas, sold to appellee by appellant, and purchased by appellee from appellant, with the belief on the part of both of said parties that the arc side of said lot, same being an irregular triangle tract, was of the length of 300 feet. Appellee, in his original petition, alleged:

"That said arc line was when plaintiff purchased said property thought by both plaintiff and defendant to be of the length of 300 feet and ·plaintiff bought said property .upon a front foot basis of $50 per front foot as applied to said supposed 300 ft. line; that is, purchased said property and agreed to pay and did pay a consideration of $15,000 therefor, or $50 per front foot, based upon the supposed length of said arc line thought by· both parties to be of the length of 300 ft. That as a matter of fact both plaintiff and defendant were mistaken as to the length of said· arc line, which fact was not discovered until recently and the fact found to be that said arc line, instead of being of the length of 300 feet was actually of the length of 236.4 feet, that is to say, same was and is 63.6 ft. shorter than the length of 300 ft. supposed by both parties to be the true length thereof· at the time of the purchase. That on account of these facts the plaintiff has overpaid the defendant $3,160, excess purchase price for said land, which sum the defendant is now due and owing to the plaintiff, but has refused upon demand to· pay."

And by trial amendment alleged:

"That the defendant, its president, Col. S. E. Moss, its secretary J. S. Starks, and its agents and representatives, Geo. Dealey and Jerome K. Dealey, represented to· plaintiff at the time of the purchase by plaintiff from defendant of said ·Lot 13 in Block A, that the curved line of said lot was three hundred feet long; that the consideration paid for said lot was paid partly in cash and partly in other property given in exchange, in this: Plaintiff, at the same time he purchased said Lot 13 from defendant, purchased from defendant certain other lots in said Block A, towit: Lots 1 to 8, inclusive; Lot 30 and a strip fifty feet wide, off the South end of Lot 29; the consideration for the purchase of Lot 13 was fifteen thousand dollars, as recited in said .deed, $13,200.00 recited to be paid in cash, and the balance of $1,800.00 by the assumption by plaintiff of an eighteen hundred dollar indebtedness against said Lot 13."'

In view of the propositions advanced by appellant in support of this appeal, it is only necessary to state that its answer contained, among other things, a general demurrer and a general denial. The general demurrer was presented and overruled, to which ruling appellant excepted. In answer to the special issues submitted by the trial court, the jury

made the following findings of fact: That appellant, through its officers and agents, represented to appellee that the curve line of lot 13, block A, in controversy, was 300 feet long; that appellee relied upon said representation; that the trade between appellant and appellee was consummated upon such representation; that the actual length of said curve line is 236.4 feet. On said verdict the trial court rendered judgment in favor of appellee against appellant for the sum of $3,787.76, with interest thereon at the rate of 6 per cent. per annum from date of judgment, and all costs of suits, from which appellant duly perfected its appeal to this court.

Said findings of fact, being amply supported by the evidence, are adopted as findings of fact by this court, and, in addition thereto, we find from the evidence the following facts to have been established, without conflict: That appellant, by its deed, duly executed of date January 17, 1923, conveyed to appellee the lot in controversy in consideration of the sum of $15,000; that said deed contains the following provision in reference to the payment of said consideration, namely: "$13,-200.00 cash in hand paid, the receipt of which is hereby acknowledged, and the assumption by grantee herein of the sum of $1,800.00 of the indebtedness held by W. T. and Pat Henry individually and as guardians of the estate of John Lane Henry, as shown in a deed from said Henry to Moss and Tate; that the consideration of $15,000.00 that appellee agreed to pay for said lot was arrived at on a per foot basis of $50.00 per front foot, on the belief by appellee and the officers of appellant representing it that the curve line was 300 feet long; that appellee bought the lot on said basis; that in the preliminary valuation appellant and appellee treated said lot as having 300 lineal feet in the curve line, and appellee contracted to buy it at $50.00 per front foot; that the $1,800.00 assumed to be paid, as part of the consideration for the conveyance of the lot in controversy was paid by appellee, and the balance of the consideration of $13,200.00 for said lot was paid to appellant by appellee and wife, conveying to appellant real property valued by appellant and appellee at $30,000.00, appellant assuming to pay indebtedness against said property of $15,000.-00. The property so conveyed to appellant, being described in the deed conveying same as being situated in the City of Dallas, Texas, and known as 41x100 feet out of Exall's Subdivision of Block 2-828, according to the official map of said city, contained the following provision as to the consideration paid and to be paid to the grantors therein, namely: "For and in consideration of the sum of $30,000.00 to us paid and secured to be paid by Moss-Tate Investment Company, a real estate corporation, as follows: $15,000.00 cash paid, the receipt of which is hereby acknowledged: and subject to an encumbrance against the hereafter described property aggregating $15,000.00."

■ Appellant's theory of the case, as reflected by its propositions, on which this appeal is predicated, is that appellee's cause of action is based on fraudulent representations, whereby appellee was induced to enter into a transaction involving the exchange of properties between appellant and appellee, and therefore alleged a case of actionable fraud within the meaning of article 4004, Rev. St. 1925, and that the liability of appellant to appellee was to be determined by the following provisions of said article, namely: "All persons guilty of such fraud shall be liable to the person defrauded for all actual damages suffered, the rule of damages being the difference between the value of the property as represented or as it would have been worth had the promise been fulfilled, and the actual value of the property in the condition it is delivered at the time of the contract." Such application of said provision we do not think can be made. Appellee's cause of action is based upon a mutual mistake; the element of bad faith or of fraudulent conduct not being involved in any respect. Appellee alleged that he and appellant, acting through its proper representatives, believed said arc line to contain 300 lineal feet; that so believing he contracted to pay, and did pay, as consideration for said lot, $50 per foot as if said arc line did contain what appellant and appellee believed said line contained, viz. 300 feet, and sought to recover on account of the alleged mutual mistake, which involved on the one hand the payment of money by appellee under the honest belief that said arc line did contain 300 feet, and on the other hand, the receiving of pay for said lot by appellant under the honest belief that said line did contain 300 feet, when as a matter of fact said line only contained 236.4 feet, there being a shortage in said line of 63.6 feet, and, to recover the amount of $50 per foot paid to and received by appellant for said 63.6 foot shortage in said arc line, appellee's suit was instituted.

Appellee's suit was therefore in the nature of an action for money had and received by appellant for the use and benefit of appellee. We therefore hold that the facts alleged as a basis for appellee's cause of action did not present a case of actionable fraud within the meaning of said article 4004, supra, in that his cause of action, being founded upon mutual mistake, repelled the existence of facts constituting a cause of action based upon fraudulent representations or promises on the part of either one of the parties to the involved transaction.

■ The deed executed by appellant to appellee recites the sum of $15,000 as a consideration paid for the tract of land conveyed. This affirmative statement forming a part of the execution and acceptance of said deed by

the parties was prima facie evidence of a mutual agreement having been made by and between said parties to the effect that $15,000 was the value of the property conveyed by appellant to appellee; likewise was the effect of the statement in the deed executed by appellee and wife to appellant that the consideration paid for the property therein conveyed was $30,000. Kelly v. Jackson, 6 Pet. 622, 632, 8 L. Ed. 523. This because the grantee, as well as the grantor, in each deed was bound by the language selected to express the purpose, meaning, and intent of the instrument by which conveyance of the title to the property therein described was to be effectuated; each being charged with notice of the language used and the effect of same, in and as a part of the instrument purporting to convey title to each grantee respectively to the property described in said deeds.

We therefore hold that the contents of the deeds between appellant and appellee were sufficient prima facie evidence to establish the truth of every material statement contained in said instruments respectively, and that, undisturbed by contradictory testimony, said statements were sufficient to authorize a judgment against appellant for the amount of money paid by appellee for the shortage in the length of the arc line upon which the total consideration paid by him was based, namely, at $50 per foot.

It was the right of either one of the parties to said deeds, as grantor or grantee, to show that the true consideration was not stated, and what in fact was the real consideration upon which either one of said conveyances was made; the burden in this respect, however, rested upon him who controverted the prima facie case as made by the recitals in the instrument to which he was a party. No effort was made on the part of appellant to controvert the recitals as to the consideration in either one of the deeds which entered into the consummation of the transaction between appellant and appellee. The conclusion reached by us, we think, is, beyond the peradventure of a doubt, announced in no uncertain terms by that great jurist, John W. Stayton, of blessed memory to the bench and bar, not only of Texas but other jurisdictions, in the case of White v. Street et al., 67 Tex. 177, 2 S. W. 529, 530, from which we quote, as being ample authority for the conclusion we have reached in this case, as follows:

"The deed recites that sum as the consideration paid. Of that deed the defendant was the maker. It speaks his words, and, in an action against him upon his warranty, would be of itself evidence sufficient to authorize a judgment against him for the sum stated to be the consideration, with interest on it, if the breach of warranty was shown. It would be the right, however, of the defendant, to show that the true consideration was not stated, and to show what it, in fact, was, but the burden, in this respect, would be upon him. It is unimportant whether the consideration was paid in money or in other lands, in so far as the recital of the value of the consideration is to be deemed evidence against the maker of a deed reciting the consideration. The consideration may have been recited at the suggestion of the person who wrote the deed, but this does not militate against its truthfulness. It is not to be presumed that the maker of a warranty deed would willingly permit a consideration to be recited which was greater than that actually paid. In addition to the recital in the deed, we have the unequivocal evidence of the plaintiff to the fact that the 63 acres of land were valued by the parties in making the trade at $500."

Also see Northcutt et ux. v. Hume et al. (Tex. Com. App.) 212 S. W. 157.

Finding no error in the rendition of the judgment appealed from, this cause is affirmed.

Affirmed.