**SPEER et ux. v. POOL.**
**No. 4540.**

Court of Civil Appeals of Texas. El Paso.
Dec. 4, 1947.

On Rehearing Jan. 15, 1948.

Thomas & Thomas, of Big Spring, for appellants.

Moss & Stowe, of Odessa, for appellee.

McGILL, Justice.

This is an appeal from the judgment of the District Court of Ector County. Appellants as plaintiffs sued appellee as defendant seeking to recover damages for fraudulent misrepresentations which induced them to purchase a tract of land, being a portion of Lot No. 7 in Block No. 10 in the Pool Annex to the Town of Odessa.

The alleged misrepresentations were as to the true north boundary line of the land and that a frame house was entirely lo-

cated thereon. Trial was to a jury. Answers were returned to special issues submitted; the court rendered judgment in favor of plaintiffs for nominal damages of One Dollar and costs.

Appellants' points complain of the Court's action in failing and refusing to enter judgment for them in accordance with their motion for judgment for $2250 based on the verdict, and in entering its own judgment for the sum of One Dollar in favor of the plaintiffs and against the defendant, disregarding all motions of the plaintiffs and the defendant for judgment otherwise.

In referring to proceedings in the trial court the parties will be designated as they there appear.

Plaintiffs alleged that shortly before January 1, 1945, plaintiffs and defendant entered into an agreement whereby defendant was to convey to plaintiffs the south portion of Lot 7, Block 10 of the Pool Annex Addition to the Town of Odessa, for a stated consideration and that defendant did execute and deliver to plaintiffs a deed conveying some property on Lot 7, but that plaintiffs discovered after accepting the deed that it did not convey the property bargained for and pointed out by defendant as being the property he was selling; that during negotiations and inspection of the premises defendant stated that the four room house there situated was on the part of the lot conveyed "and pointed out the North line as being a line running directly across the Lot 7 to a cedar post on the West side of the lot pointed out by Pool, such line running in an Easterly-Westerly direction, beginning at a small tree situated along or near the East boundary line of the said lot, such north boundary line running clear of the rear end of the house about nine feet, approximately"; that after delivery of the deed plaintiffs had the lot surveyed and found that the residence did not wholly set on the lot purchased; "that in fact and in truth the North boundary line is something like 18 feet South of the line pointed out as above by the defendant, and the true surveyed line, as reflected in the deed delivered, runs under or across the house, leaving a portion of the residence on that portion of the lot theretofore sold by the said Defend-

ant to another party." They alleged that they depended on defendant's statements as to the position of the North boundary and that the house was situated on the part of the lot purchased and had they known such statements were false they would not have purchased the place. They allege that the fair market value of the lot as pointed out was $3,500 and the fair market value of the 75 foot lot called for in the deed with improvements partly thereon was $600. They prayed for actual damages of $2,900.

Defendant answered by general denial and further alleged that on February, 5, 1946, he did accompany plaintiff, Mrs. Lottie Speer, to the South part of Lot 7, and indicate to her the approximate North boundary line of the property to be sold; that the line was indicated by him to be a short distance South of the Spanish cedar tree on the east boundary line of Lot 7 and would run westerly parallel with the south boundary line of said Lot 7; that on such date he did not own the north portion of Lot 7; that it was his intention to convey all of his interest in Lot 7; "that thereafter, after a survey of the property by plaintiffs and another survey by defendant, defendant did purchase the property to the north of the south seventy-five feet of said Lot 7, as described in the warranty deed to plaintiffs dated February 6, 1946, and now owns the south twenty-one feet of the North sixty-five feet of said Lot 7, Block 10, Pool's Annex, an addition to the Town of Odessa, Ector County, Texas, and does here and now, in open court, tender unto plaintiffs herein a good and sufficient warranty deed, executed by defendant herein, W. J. Pool, joined therein by his wife, Ida B. Pool, conveying unto plaintiffs the south twenty-one feet of the north sixty-five feet of said Lot 7. That this tender is made for the sole and only purpose of delivering unto plaintiffs the property so as to include the house situated thereon, and to give them title to the North boundary line as indicated to plaintiffs by defendant on February 5, 1946. That this tender of the twenty-one feet immediately North and adjoining the tract heretofore conveyed to plaintiffs is made for the purpose of mitigating or minimizing or alleviating the damages alleged to have been suffered by plaintiffs herein."

Attached to plaintiffs' petition and to appellants' brief is a copy of a map which was introduced in evidence and is here reproduced:

with the line A–B shown on the map; that the east line is coincident with twenty-one feet of line A–D shown on the map beginning at point A; the west line is coincident

Ex. A – Brief for Appellants

Copy of map from P. 73 of Statement of Facts

It appears from defendant's testimony that the south line of the tract described in the deed tendered in Court is coincident

with the line B–C shown on the map and extends to a point in the west line of Lot 7 four feet north of point C; the north line

connects this point with the north end of the east line.

The jury found: (1) That defendant represented to plaintiffs that the north boundary line of the part of Lot 7 being offered for sale ran through the Spanish cedar tree and the cedar post, being indicated on the map as the line C–D; (2) That such representation was a material inducement to plaintiffs to purchase the real estate in question; (3) That the reasonable market value of the real estate conveyed in the deed of February 6, 1946, designated on the map as A–B–F–E including only such improvements as rest directly thereon was $750; (4) That the reasonable market value of the real estate bargained to be sold designated on the map as C–D–F–E, was $5,000; (5) That the deed tendered in court together with the original conveyance did not convey to plaintiffs all of the land defendant originally agreed to convey to them; (6) That the reasonable market value of the real estate conveyed in the deed of February 6, 1946, and designated on the map as A–B–F–E, and the real estate conveyed in the deed tendered in court by defendant was $3,000. Defendant filed a motion for judgment on the ground that "the answer to Special Issue No. 4 by the jury in the amount of $3,000.00 and the answer of the jury to Special Issue No. 6 in the amount of $3,000.00 is a finding that the property actually received by plaintiffs is of the same value as the property claimed by them.

"Without dispute the evidence showed that plaintiffs purchased seventy-five (75) feet of land and a house; that the property actually received by plaintiffs, including the property tendered in Court, includes the same seventy-five (75) feet of land and the same house and is a substantial compliance with the representations alleged by plaintiffs to be made by defendant; that the offer or delivery of the deed for the additional property was in *medigation* of damages and plaintiffs had a definite duty to do anything within reason to minimize damages, and that any actual variation in the actual north line is of no consequence and too minor a matter to be considered by the court, the area of the tract claimed and the tract delivered being the same."

It is apparent from the pleadings, the evidence, motions for judgment, the judgment and the briefs of both parties that the case was submitted and the judgment rendered on the theory that the deed of February 6, 1946, conveyed to plaintiffs the south seventy-five feet of Lot 7, only. The sole controversy was as to where the north boundary line of this portion of the lot was represented by the defendant to be. On this theory the judgment rendered is erroneous.

The cause of action alleged in plaintiffs' second amended petition on which the case was tried is grounded on actionable fraud as defined by Article 4004, Vernon's Ann.Civ.St. A false representation of a past or existing fact, although made in good faith, if relied on as an inducement to a contract, is actionable under the statute. Prideaux v. Roark, Tex.Com.App., 291 S.W. 868; Stroud v. Pechacek, Tex.Civ.App., 120 S.W.2d 626. The measure of damages in such actions is the difference between the value of the property as represented and the actual value of the property in the condition it is delivered at the time of the contract. Art. 4004, V. A. C. S.; Payton v. City of Big Spring, Tex.Civ.App., 157 S.W. 2d 975, loc.cit. 980, and authorities there cited. On the theory on which the case was submitted, findings 1 to 4 in response to the issues submitted without objection and not attacked as unsupported by the evidence would require a judgment for appellants for $2,250. Payton v. City of Big Spring, supra. Findings 5 and 6 are immaterial. In an action for damages grounded on actionable fraud as defined in Art. 4004, V. A. C. S., a defendant can not defeat the cause of action prescribed by the Statute, or minimize or mitigate the damages therein defined by offer to make good the representations on which the cause of action is founded, by tender of land which was represented as that to be sold, and certainly not by tender of a portion of such land and other land equivalent in value. To permit such defenses would in effect nullify the statute and would be out of harmony with the general rule in actions of deceit. See 37 C. J. S., Fraud, § 142b.

Appellee's contention that this is a case for damages based on mutual mis-

take is untenable. It is true that in actions grounded on actionable fraud as defined by Art. 4004, V. A. C. S., upon failure of the evidence to show fraud, actual or constructive relief may be granted upon the ground of mutual mistake if the evidence will support such finding, even though mistake was not expressly pleaded as the basis for such relief. Culbertson v. Blanchard, 79 Tex. 486, 15 S.W. 700; Mason v. Peterson, Tex.Com.App., 250 S.W. 142, loc.cit. 146. It is also true that mutual mistake precludes the existence of fraud as defined by the Statute. Denman v. Stuart, 142 Tex. 129, 176 S.W.2d 730; Moss-Tate Investment Co. v. Owens, Tex.Civ.App., 22 S.W. 2d 1096. In this case there is no finding of mutual mistake; no such issue was submitted or requested; the evidence is insufficient to establish mutual mistake as a matter of law, or indeed to raise an issue thereof. The testimony of appellant R. E. Speer on which appellee relies to effect that prior to the consummation of the sale he paced off 75 feet and it looked all right to him goes to the weight of his testimony that he relied on the representations of appellee as to the true location of the north boundary line of the property sold, and is not of sufficient probative force to raise an issue of mutual mistake.

■ Although the record clearly reflects that both parties and the trial court proceeded on the theory that the deed of February 6, 1946 conveyed the south 75 feet of Lot 7, only, this deed which plaintiffs introduced in evidence conveys "all that certain Lot No. 7, in Block No. 10, in the Pool Annex to the Town of Odessa, Texas." The conveyance of the entire lot necessarily included that portion of the lot which plaintiffs claim defendant pointed out to them as the land to be sold. The quantity of the land conveyed must be determined by the calls in the deed. Bellamy v. McCarthy, 75 Tex. 293, 12 S.W. 849. Plaintiffs also alleged "that the said defendant did not, during such negotiations, own the lot north of the line A–B, but had sold the north part of this lot, including a part of the house; the defendant took back this property from the parties and then could have deeded to the plaintiffs the property pointed out, that is, all to line A–B, but he failed to do so,

and resold a portion of this property." Plaintiffs were and are bound by their pleadings. Safety Casualty Co. v. Wright, 138 Tex. 492, 160 S.W.2d 238, loc.cit. 245 (10-13). Under these allegations by virtue of the warranty in the deed, title to that portion of the lot pointed out by defendant passed to plaintiffs when defendant "took back" the property. Therefore plaintiffs' alleged cause of action grounded on fraudulent misrepresentations is not sustained by their pleadings and the deed introduced in evidence by them. Plaintiffs alleged no facts which would warrant reformation of the deed of February 6, 1946, and authorize judgment on the verdict under the rule enunciated in Ætna Ins. Co. v. Brannon, 99 Tex. 391, 89 S.W. 1057, 2 L.R.A.,N.S., 548, 13 Ann.Cas. 1020. Nor does the evidence disclose facts sufficient to warrant reformation of the deed on the theory that it was executed and accepted under mutual mistake of the parties. The record affirmatively shows that if appellants have any cause of action it is because of the failure of title to the property conveyed by the deed of February 6, 1946, and not because the deed did not convey the land pointed out by appellee to them.

It follows that appellants failed to prove a cause of action for damages for fraudulent misrepresentations; however, since the cause has been tried upon an erroneous theory we think justice would best be subserved by remanding the cause rather than by affirming the judgment. United Gas Corp. v. Shepherd Laundries Co., Inc., 144 Tex. 164, 189 S.W.2d 485, loc.cit. 492 (5). Authority to remand is found in Rule 434, Texas Rules of Civil Procedure, which has been held to mean substantially the same as Rule 505, R.C.P. which authorizes a remand by the Supreme Court "if it shall appear that the justice of the case demands another trial."

It is accordingly ordered that the judgment of the trial court be reversed and the cause remanded.

PRICE, Chief Justice (dissenting).

I think this case should be affirmed, therefore I must respectfully dissent from the judgment rendered by the majority.

In this case, on the issue of a verbal contract of sale of the south 75 feet of Lot 7, in Block No. 10 in the Pool Annex to the town of Odessa, Texas, the issue is raised that the defendant represented to plaintiffs that the north boundary line of said south 75 feet of lot 7 was some 20 or 25 feet north of the house which was on part of said south 75 feet of said lot. It was established by the verdict that the representation was relied upon by the plaintiffs and was material. However, in confirmation of this verbal contract to convey the south 75 feet, or perhaps more properly, subsequent to said verbal contract defendant conveyed all of lot 7 to plaintiffs. Now this conveyance most certainly included the area plaintiffs claimed that defendant failed to convey to them. It contained more land than defendant was to convey to them under the verbal contract. It appears to me that plaintiffs' cause of action, if any they had, was on account of defendant not having title to the land included in the deed, and not as alleged by him that the deed failed to cover the land lying immediately north of the house in question. The quantity of the land conveyed must be determined by the clause in the deed. Bellamy v. McCarthy, 75 Tex. 293, 12 S.W. 849. Furthermore, plaintiffs plead as follows:

"That in fact and in truth the north boundary line is something like 18 feet south of the line pointed out as above by the defendant, and the true surveyed line as reflected in the deed delivered runs under or across the house, leaving a portion of the residence on that portion of the lot heretofore sold by the said defendant to another party."

Now the deed is a general warranty in form and conveys all of the lot in question to plaintiff. Again plaintiffs plead:

"That after concluding the bargain and agreeing upon the terms, as well as upon the position and extent of the lot, the said defendant prepared a deed and delivered same to plaintiffs and such deed did not include the following tract of land upon which tract of land a part of the four room house is situated."

This allegation is disproved by the general warranty deed introduced in evidence by the plaintiffs.

Plaintiffs further plead as follows:

"During such negotiations defendant did not own the lot north of the line A–B (representing the north line of the south 75 ft. of the lot in question) but had sold the north part of this lot including a part of the house. The defendant took back this property from the parties and then could have deeded to plaintiffs the property pointed out, that is on line A–B, but he failed to do so and re-sold a portion of this property."

Now if this allegation be true, and in my opinion plaintiffs are estopped to deny it, under the warranty title passed to plaintiffs.

Plaintiffs may have had a cause of action on account of defendant representing that he had title to the tract lying immediately north of the north line of the south 75 feet of the lot, and that while same was included in the deed defendant had no title thereto, but such is not the theory of their pleading. Plaintiffs' pleading affirmatively shows that they obtained title to all the land contemplated by the verbal contract existing prior to the execution of the deed; received title to the very tract which according to their theory was represented to be included in the bounds of the deed. The statement that it is affirmatively shown by their pleadings that they obtained title is perhaps not correct. Their pleadings, taken in connection with the deed dated February 6, 1946, introduced in evidence by plaintiffs, showed this fact. The warranty in the deed was operative to confer upon plaintiffs the subsequently acquired title of defendant. In any event there is no showing that plaintiffs (appellants) do not have title to all the land they claimed should have been conveyed to them.

In my opinion the trial court entered the only lawful judgment it could have rendered under the pleading and evidence. Appellee does not complain as to the nominal damages provided. This being the case, this court exceeds its power in reversing the judgment.

On Appellants' Motion for Rehearing.

McGILL, Justice.

Appellants have procured and filed a Supplemental Transcript, showing that the description of the property conveyed by the deed of February 6, 1946, was incorrectly copied in the Statement of Facts as "All that certain Lot 7 in Block No. 10 in the Pool Annex to the Town of Odessa, Texas," and that such deed actually conveys "the South seventy-five feet lot No. 7 in Block No. 10 in the Pool Annex to the Town of Odessa, Texas."

Therefore in accordance with the views expressed in our original opinion, appellants' motion for a rehearing is granted, the judgment of this Court remanding this cause set aside, the judgment of the trial court reversed and judgment here rendered for appellants against appellee for $2250. It is so ordered.

Reversed and rendered.