**C. E. MACK et al., Appellants,**

v.

**F. H. BRADFORD, Appellee.**

No. 5515.

Court of Civil Appeals of Texas.

El Paso.

June 20, 1962.

Rehearing Denied July 18, 1962.

Glusing & Sharpe, Kingsville, for appellants.

Arthur A. Klein, Harlingen, for appellee.

FRASER, Justice.

This is an appeal from a case in the above district court where the plaintiff-appellee, Bradford, won a money judgment but was denied his plea to delete the total amount of interest from a conditional sales contract.

Appellee F. H. Bradford, who was plaintiff below, had done business with one C. E. Mack and his garage, known as C. E. Mack Pontiac, for some years. On his way from his work in Victoria to his home in Harlingen, plaintiff stopped at defendant's place of business to have the transmission of his car checked out by the mechanics. It was late Saturday afternoon, and during the conversation C. E. Mack suggested that plaintiff try out one of their demonstrator cars which they had for sale. The demonstrations and conversations resulted in an agreement by plaintiff to buy the car. Plaintiff's testimony is that he trusted C. E. Mack and for that reason signed the papers proffered to him in blank. He maintains

that their trade was clear and distinct, and that he was to turn over his other Pontiac for the new one and pay $2100.00 difference He stoutly maintains, also, that he had advised C. E. Mack that he owed a bank in Harlingen some five or six hundred dollars secured by a chattel mortgage on the car he was turning in. The agreement being consummated, he drove the new car home. The papers arrived at his home during his absence, and his wife testified that she put them in a lock box without opening the envelopes. Bradford testified that he paid eighteen payments as they became due, because this was the number of payments or coupons in the book sent to him by General Motors Acceptance Corporation, which had purchased the conditional sales contract from C. E. Mack. After completing his eighteenth payment, Bradford was notified that he was in default, and then found out that the balance filled in on the conditional sales contract was $2920.00 instead of $2100.00 and that the sum of $630.84 had been added for finance or carrying charges. Bradford testified that their contract was as set forth above, and "reasonable carrying charges". He continued to pay on this contract until he had paid an amount in excess of $2300.00. Bradford, as plaintiff, then brought suit against C. E. Mack and C. E. Mack Pontiac, asking for reformation and recision of the contract and, in the alternative, damages against C. E. Mack for fraudulent misrepresentation, alleging that Mack had promised he would fill in the contract in accordance with their verbal contract and had not done so. GMAC, to whom the contract had been sold by defendant Mack, filed a cross-action seeking to recover the balance of the contract which amounted to $1365.00 including attorneys' fees. During the trial, Bradford abandoned his plea for reformation and recision, electing to proceed against defendant Mack solely on the claim for damages. He also filed a defense of usury against the claim of GMAC, seeking to have the interest or finance charge deleted and subtracted from the amount sued for by GMAC. The jury

found that C. E. Mack had made fraudulent representations to Bradford, and awarded him, as damages against Mack, the exact sum due or claimed by GMAC, plus $500.00 exemplary damages, and the court entered judgment for these amounts. With reference to Bradford's defense against GMAC, the court denied his plea of usury and awarded GMAC judgment. So it will be seen that, in the trial court, Bradford recovered from Mack the exact amount GMAC claimed he owed as a balance, plus $500.00 exemplary damages. As a result of the judgment denying his plea of usury, Bradford was then left having to pay the entire sum of $1365.00 to GMAC.

This is a companion case to No. 5505, disposed of in a prior opinion, and the appeal in this case is from the verdict and judgment of the court awarding Bradford, appellee, the sum of $1365.00 damages and $500.00 exemplary damages.

Appellants C. E. Mack et al. present some five points, the first point being that the trial court committed error in refusing to submit their requested issues asking the jury to pass on the question of mistake or misunderstanding.

First of all, without reproducing the issues here, they appear to us to be too general in nature and not sufficiently definitive of the information desired and the terms employed. It has long been established that issues must be justified by the evidence and properly worded, with terms contained therein properly defined where necessary. Felmont Oil Corp. v. Pan Am. Pet. Corp., Tex.Civ.App., 334 S.W.2d 449. But, in any event, the record does not justify or require the submission of these requested issues. Appellee Bradford testified flatly that their agreement was that he would pay his old car, the sum of $2100.00, and "reasonable finance charges" for the new car, and that he had notified and advised Mack about the mortgage against the old car held by a Harlingen bank. Mack testified to the contrary, and said that he

never intended to absorb the bank balance and other charges. This presents a picture of a definite, concrete difference or disagreement in testimony, and does not present a picture of a mutual misunderstanding. The jury found definitely that Mack had deceived and defrauded Bradford, and the evidence in the record is of sufficient probative force to sustain such a finding. We do not find in this record the elements that would either require or justify the submission of the requested issues. This point is therefore overruled. In other words, the evidence is insufficient to establish or suggest any mutual mistake. Speer v. Pool, Tex.Civ.App., 210 S.W.2d 423.

Appellants' second point alleges error in the court's failure to grant his motion for an instructed verdict and the judgment non obstante veredicto, urging in defense that intent at the time of the oral agreement on the part of Mack to defraud Bradford was not shown. We do not believe that this point is sustained, nor is it the law. In Wilson v. Brooks, 329 S.W.2d 135, the Court of Civil Appeals held:

"We find no fatal variance in the pleadings, and the proof and the evidence were sufficient to show that a fraud had been perpetrated upon appellee, in that the sales contract had not been filled in in the manner agreed upon by the parties."

There was plenty of evidence here for the jury to find that Mack had filled in the conditional sales contract contrary to the agreement, and that he did so in order to defraud Bradford. Therefore, these jury findings are supported by the record. We think the law with regard to this particular item of the controversy is well set forth in the case of York v. Gregg, 9 Tex. 85 (S.Ct.):

"The plaintiff had a right to rely on representations and promises, and if deceived and misled by them and the subsequent conduct of the defendant inconsistent with them to his injury, it

can make little difference in morals or law whether it was the intention of the defendant originally to deceive or whether he subsequently conceived that intention."

Therefore, in view of the record, wherein is contained testimony by Bradford that it was definitely and concisely agreed that the contract would be filled in for the amount of $2100.00, rather than $2920.00, and that Mack had deliberately and knowingly changed the amount, we hold that the court acted correctly in overruling appellants' motion for an instructed verdict and judgment n. o. v. This point is therefore overruled.

 We overrule Point 5, which is to the effect that plaintiff had no right to elect to change his action from that of recision to damages. We think it is elementary that a plaintiff has this right, where proper pleadings are present, and the point needs no discussion or authorities to support it.

With reference to Points 3 and 4, we do think the verdict of actual damages, to-wit, $1365.00, is without substantial support in the evidence. There is no way that we can ascertain how the jury arrived at this amount. Bradford claims damage in that the contract was filled in for $2920.00 instead of $2100.00, plus a $10.00 charge that he says was not agreed to. In a companion case we have held that he can recover the complete amount of his interest from GMAC, the purchaser of the contract. We therefore see no ground or justification for damages beyond the difference between $2100.00 and $2920.00, plus the $10.00 documentary charge that was added. This reasoning does not, of course, apply to the amount of $500.00 found as exemplary damages, which we hold to be amply supported by the record.

For that reason, we believe the judgment is excessive in the amount of $535.00. This amount is the difference between the sum of money which Bradford claims Mack wrongfully added to their agreement—to-wit,

$830.00—and the amount of damages awarded by the jury—to-wit, $1365.00. We believe Bradford has only proven that he was damaged the difference between the agreed $2100.00 and $2920.00 which Mack wrote into the contract after Bradford's departure, plus $10.00 documentary fee, and can therefore recover only such $830.00. This amount, subtracted from the amount awarded by the jury—to-wit, $1365.00—leaves an excess of $535.00.

The judgment being excessive in that amount, we suggest that the appellee file a remittitur in the sum of $535.00 on or before the first day of July, 1962. If this is done, the appellants' points will all be overruled and the judgment of the trial court will be affirmed; otherwise, the case will be remanded for a new trial.