Armand J. ALCAZAR, Appellant,

v.

SOUTHWESTERN BELL TELEPHONE COMPANY, a Corporation, Appellee.

No. 10926.

Court of Civil Appeals of Texas.

Austin.

Jan. 17, 1962.

John Noyola, Laredo, for appellant.

J. G. Hornberger, John E. Fitzgibbon, Laredo, Ed Gossett, Whitney R. Harris, Joe L. Randle, Dallas, for appellee.

ARCHER, Chief Justice.

This action was brought by appellant against appellee seeking damages for trespass allegedly occurring when appellee's employee Inez Sanchez removed two of appellee's telephones from appellant's home.

Appellant alleged in his petition that Mr. Sanchez willfully, unlawfully and maliciously broke and entered appellant's home without appellant's consent to his damage in the amount of $125.00 for loss of tools, $4,000.-00 for inconvenience, annoyance, loss of time, humiliation, mortification and embarrassment, plus $4,000.00 exemplary damages.

Trial was had with a jury and on the jury's verdict judgment was entered that appellant take nothing and from this judgment the appeal is taken.

The appeal is based on 28 points assigned as error by the Trial Court in overruling exceptions and objections to the filing of defendant's amended answer.

■ A Trial Court has wide discretion in allowing the filing of amended pleadings and no abuse of such discretion is shown. The amended answer was filed prior to the taking of any evidence and no claim of surprise was made.

Rule 63, Texas Rules of Civil Procedure; Whaley v. Nocona Independent School District, Tex.Civ.App., 339 S.W.2d 265, error ref.

The exceptions made by plaintiff to the amended answer concerned the allegations of defendant's tariffs, circumstances under which the entry was made and the agency of Alicia Castillo, etc. The exceptions were properly overruled, since the petition sufficiently alleged material facts.

McDonald Texas Civil Practice, Vol. 2, p. 644.

■ The third, fourth and fifth points are that the Court erred in not permitting evidence of embarrassment, humiliation, loss of time, etc., and as to mental pain, and that the trespass violated plaintiff's constitutional rights.

It does not appear from the record that the Court ruled on defendant's objection to offer evidence on embarrassment and did not refuse plaintiff permission to testify as to mental pain. There were no pleadings filed pertaining to violation of plaintiff's civil rights.

Plaintiff did not make or offer proof of any evidence as to humiliation and violation of civil rights and cannot here be heard to complain, as no formal bills of exceptions were made and these points of error are overruled. Garcia v. Lacey, Tex.Civ.App., 316 S.W.2d 183.

The jury found no actual damages sustained by the plaintiff.

■ The sixth point is directed to the failure of the Court to permit plaintiff to file a trial amendment, which merely included plaintiff's wife as a party plaintiff and elements of damage.

There is nothing in the record to show that plaintiff requested permission to file a trial amendment and nothing to show that the proposed amendment was presented to the Court.

The defendant objected to the filing of the trial amendment because of surprise, such being filed on the second day of the trial and such objection was sustained, to which plaintiff excepted.

Since the record does not show the proposed amendment and the evidence proffered, such cannot be reviewed on appeal.

3 Tex.Jur.2d pp. 649–650, 662–663.

■ The allowance of a trial amendment ordinarily is within the discretion of the Court.

Coffey v. Fort Worth & Denver Railway Co., Tex.Civ.App., 285 S.W.2d 453, no writ history; Rules 37 and 66, T.R.C.P.

■ The seventh and eighth points are directed to introduction, over objection, of the General Exchange Tariff and as to the reasonableness of such.

The Tariff, (Rules and Regulations applying to all customer contracts) is as follows, in part:

"OWNERSHIP—Equipment, instruments and lines on customer's premises, furnished by the Telephone Company, shall be and remain the property of the Telephone Company whose agents and employees have the right to enter said premises at any reasonable hour for the purpose of installing, inspecting, maintaining or repairing the equipment, instruments and lines or for the purpose of making collections from coin boxes and, upon termination of the service, for the purpose of removing such equipment, instruments and lines. Such equipment, instruments and lines are not to be used for performing any part of the work of transmitting, delivering or collecting any message where any toll or consideration has been or is to be paid any party other than the Telephone Company without the written consent of the Telephone Company."

The Tariff was admitted after the parties had stipulated that such would be admitted into evidence subject to the question of its reasonableness being presented to the jury, such was submitted and the jury found it not to be unreasonable and such points are overruled.

The Tariff was binding on plaintiff as a subscriber to defendant's telephone service and is not dependent on plaintiff's actual knowledge of the Tariff.

Faber v. Southwestern Bell Telephone Company, 155 F.Supp. 162 (S.D.Tex.1957).

The ninth and tenth points complain of the Court's definitions and instructions on circumstantial evidence and agency because there were no pleadings or evidence to raise such instructions and same were multifarious.

We believe that the objections were too general and were without merit and that there were no specific objections to the matters complained of to meet the requirements of Rule 274 and Rule 434, T.R.C.P. McDonald Texas Civil Practice, Vol. 3, p. 1141.

The eleventh, twelfth and thirteenth points are directed to the action of the Court in sustaining objection to the testimony of a person not connected with the lawsuit as to the removal of a telephone at some prior date. There was no offer of testimony or bill of exceptions relating to the testimony of such witness and no error shown. Objections were made to Special Issues Nos. 1 and 2. These issues sufficiently submitted the questions of the Tariff and the removal of the telephones in reliance thereon. The jury found that the Tariff was reasonable.

Points Nos. 14 and 15 are directed to the action of the Court in overruling objections to Special Issues Nos. 4 and 5 which inquire of the jury if Alicia Castillo had express or apparent authority to act for the plaintiff, and conditioned on affirmative answer, if Alicia Castillo gave the employee of the telephone company permission to enter the premises for the purpose of removing the telephone instruments. The jury answered both of the issues in the affirmative.

We believe that the issues submitted, in a sufficient manner, the fact question as to the authority of Miss Castillo and the permission inquired about, and that the evidence reasonably supported the jury's answer and no prejudicial error was shown: Texas Employers Ins. Ass'n v. McKay, 146 Tex. 569, 210 S.W.2d 147.

Points Nos. 16 to 28 are directed to the refusal of the Court to submit plaintiff's requested issues and instructions to the effect that the land owner is entitled to at least nominal damages for trespass and that any invasion of private property is a trespass and that "willful" is a result of the exercise of one's will; that the owner of property may take possession of it anywhere, provided he does not commit a trespass, and that the burden of proof was on the defendant to prove that Alicia Castillo, a minor, was the agent of the plaintiff and if Miss Castillo had the authority to authorize Inez Sanchez to enter the house and if so, did she give such permission.

We do not believe the Court erred in refusing to give the several affirmative issues but believe that the charge as given fairly submitted the fact issues to the jury. The requested issues were not in strict compliance with Rule 276, T.R.C.P.

Then, too, all such requested issues were conditioned on the jury finding that the defendant was guilty of trespass, which was not done. The requested issues became moot.

41B Tex.Jur.; Trial-Civil Cases, Sec. 512, p. 677.

The judgment of the Trial Court is affirmed.