**Herbert McCORD, Appellant,**

**v.**

**VILBIG CONSTRUCTION COMPANY et al.,
Appellees.**

**No. 16926.**

Court of Civil Appeals of Texas.

Dallas.

June 16, 1967.

Rehearing Denied July 14, 1967.

Otto B. Mullinax, of Mullinax, Wells, Mauzy & Levy, Dallas, for appellant.

Ben Warder, Jr., of Carter, Gallagher, Jones & Magee, Dallas, for appellees.

CLAUDE WILLIAMS, Justice.

Herbert McCord appeals a take nothing judgment against him in his suit for personal injuries alleged to have been sustained as a result of a collision between two trucks at the intersection of Industrial and Corinth in the City of Dallas. McCord had alleged that he was in the process of making a left hand turn from Industrial into Corinth on the occasion in question when the Vilbig Construction Company truck, driven by its agent, servant and employee, Tom Shipley, carelessly and negligently collided with his vehicle causing him to suffer personal injuries.

The jury, in answer to appropriate special issues submitted, found that both Mc-

Cord and Shipley failed to keep a proper lookout on the occasion in question but that neither act of omission constituted the proximate cause of the collision. The jury acquitted both parties of any other acts of alleged negligence.

The main thrust of appellant's attack on the judgment is contained in appellant's points 3 and 4 wherein he contends (3) that the trial court erred in refusing to grant his motion to set aside and disregard the answer of the jury to Special Issue No. 1-A (in which the jury found that the failure on the part of Shipley to keep a proper lookout was not a proximate cause of the collision in question), and (4) that such answer of the jury was so contrary to the great weight and preponderance of the evidence as to be manifestly wrong and unjust. To give proper consideration to these points within the rule announced by our Supreme Court in In re King's Estate, 150 Tex. 662, 244 S.W.2d 660 (1951), we deem it advisable to briefly recount the material testimony relating to this issue.

Industrial Boulevard extends in a generally north and south direction and deadends at Corinth Street which extends in a generally east and west direction. At this intersection there is a traffic light in the center of the street. Industrial Boulevard has several lanes for traffic going either north or south, the same being divided by a median strip. As one proceeds in a southerly direction on Industrial Boulevard and arrives at Corinth Street he is confronted with two separate and distinct left turn lanes, the two being divided by metal "buttons" which extend above the pavement. Appellant McCord was driving what is known as a bobtail truck on the occasion in question. He testified that as he proceeded in a southerly direction on Industrial Boulevard he intended to turn to the left and therefore propelled his truck into the extreme left lane which is adjacent to the median strip. There was a vehicle immediately in front of him. The traffic light on the occasion was red for traffic proceeding

south on Industrial so both McCord and the vehicle in front of him came to a stop at the intersection. He testified that the Vilbig truck came up after he had stopped and was in the second left turn lane immediately to his right. He said that he knew that the Vilbig truck was intending to turn to the left after the light changed. He then related that when the traffic light changed from red to green the vehicle in front of him proceeded into Corinth and that he started his truck forward and to the left. As he was thus proceeding his vehicle was struck on the right front by the Vilbig truck which had entered his lane of traffic before the collision. He said that the rear portion of the Vilbig truck struck his vehicle and caused the right front fender and right bumper to be bent around, practically breaking them off. Both the bumper and the fender were pulled toward the front of the truck. He did not see any damage done to the Vilbig truck. After the impact the Vilbig truck proceeded forward through the light about 12 feet from his truck which did not move any after the impact.

On cross-examination McCord testified that the front end of the Vilbig truck was out into the intersection as he, McCord, began his left turn and that he was accelerating his vehicle and going about 10 miles per hour at the time of the accident. He described the right front fender and bumper as being "pushed in toward the wheel."

Appellee Shipley testified that he was driving the Vilbig truck, about 50 feet in length, in a southerly direction on Industrial when he brought the vehicle to a stop on the outside or right lane from which a left turn was permitted. There were no vehicles in front of him in his lane. There were vehicles to the left of him in the other left turn lane while he was stopped. He remembered seeing the Ford truck which was involved in the accident immediately to his left. The truck he was driving had twenty gears on it. When the light changed to green he started forward, driving in second gear not exceeding three miles an hour

when he started to turn. He said that he pulled out ahead of the other truck and that he realized that the other vehicle had a shorter distance to travel to get into Corinth Street than he did. He testified that he was trying to handle his vehicle so that it would not be pulling into the left hand lane of Corinth Street. He said that he was pulling his vehicle to the right and about that time he heard a "click". He stopped as soon as he heard this click and saw that the other truck had stopped. He got out of his truck and walked back to the other vehicle and found that McCord's truck was along about the end of his trailer but was not touching it. There was one small mark on the Vilbig truck about as big as a finger which was on the left rear wheel of the trailer. He observed the bumper was broken on the right side of McCord's truck. At that time he said that practically all of McCord's truck was in the intersection and that the front end of his vehicle was up to the curb on the right hand side of Corinth. He testified that he did not hit any of the buttons separating the two lanes and positively denied that he had made a statement that the trailer of his vehicle was over in the lane of traffic occupied by McCord at the time the two vehicles came together.

J. H. Barnett, the police officer who investigated the accident, testified that when he arrived the Vilbig truck had a scrape mark on the left rear side near the rear dual wheels and that from the appearance of the mark on the bobtail truck it was moving more or less southeast to make the east turn. There was not any debris or glass on the pavement to indicate exactly where the point of impact was. He was not able to say whether or not the bobtail truck was pulled any distance at all as the Vilbig trailer was moving by it. He related that on vehicles such as the Vilbig truck the rear end does not tend to follow the front in making a turn. The rear end of such a vehicle comes closer to the lane to the left than the wheels of the cab of the vehicle.

Appellant argues that there was no evidence of probative force to sustain the jury's answer to Special Issue 1-A and that, therefore, the trial court should have disregarded such answer and held, as a matter of law, that the failure on the part of Shipley to keep a proper lookout was a proximate cause of the collision. In considering appellant's point of "no evidence" we must view all the testimony in the light most favorable to appellees and indulge every reasonable intendment deducible from the evidence in such party's favor. Leyva v. Pacheco, 163 Tex. 638, 358 S.W.2d 547 (1962). Having done so we cannot agree with appellant that the question of proximate cause was one of law that should have been decided in his favor. The testimony, in the main, came from the interested parties to this litigation and was, both direct and circumstantial, conflicting on the issue.

The burden was upon appellant to establish, not only negligence on the part of Shipley, but also that such negligence proximately caused the collision. As Justice Bateman of this court said, in J. C. Penney Co. v. Holmes, 378 S.W.2d 105 (Tex. Civ.App., Dallas 1964), reversed on other grounds, 382 S.W.2d 472 (Tex.Sup. 1964), we have no authority to disregard the negative findings on proximate cause if there was any evidence to support them or if reasonable minds could differ as to the inferences reasonably to be drawn from the testimony. In either event, an issue of fact is raised and the findings of the jury thereon cannot be disturbed by this court. Lynch v. Ricketts, 158 Tex. 487, 314 S.W.2d 273 (1958); Benoit v. Wilson, 150 Tex. 273, 239 S.W.2d 792 (1951).

Our Supreme Court in Seinsheimer v. Burkhart, 132 Tex. 336, 122 S.W.2d 1063 (1939), stated that while there may be cases in which a court would be warranted in holding, as a matter of law, an act of negligence to be a proximate cause of an injury, such cases are extremely rare and generally the question of proximate cause is one of fact.

The *sine qua non* of appellant's argument is that the accident could not have happened in any other manner than that as contended by him. While it is true that a reading of this testimony from the cold pages of the statement of facts might cause us to believe, had we been sitting on the jury in this case, that we would have rendered a different verdict. This, however, is not the test to be applied, since we are not authorized to substitute our findings of fact for those of the jury. King v. City of Dallas, 374 S.W.2d 707 (Tex.Civ.App., Dallas 1964). The jury in this case, as in every intersection collision case, heard conflicting evidence, both direct and circumstantial, and proceeded to resolve such conflicts by evaluating the credibility of the various witnesses and circumstances presented. Based upon all the evidence they elected to believe Shipley and disbelieve McCord. From the evidence the jury could very well believe the version related by Shipley that his truck did not go over into McCord's lane but remained in the proper lane at all times while turning to the left on Corinth Street. They could have reasonably found that McCord drove his truck too far into the intersection at the time he began his turn, thereby causing the right front of his vehicle to come into contact with the rear end of the Vilbig trailer. There is conflicting evidence which could have reasonably justified the jury in believing that McCord, while not keeping a proper lookout, pulled too far to the right and scraped the Vilbig trailer. In any event, we cannot say that reasonable minds could not differ on the question of causation and foreseeability included within the definition of proximate cause. There being evidence of probative force to support the jury's answer to Special Issue 1-A, the trial court properly overruled appellant's motion for judgment.

Neither can we say that the record demonstrates such bias or prejudice on the part of the jury as would indicate that they went contrary to all of the evidence in making their findings to Special Issue 1-A. The evidence is not contrary to the great weight and preponderance of the evidence and therefore appellant's contention is overruled. Williams v. Berry, 389 S.W.2d 89 (Tex.Civ.App., Dallas 1965).

Appellant's remaining points complain of the action of the trial court in defining the term "new and independent cause" and including this element in the definition of "proximate cause" as given to the jury. Appellant asserts that since there was no evidence of any new or independent cause which could have produced the event complained of, the charge was tainted by the inclusion therein of this element as a part of the issue of proximate cause. Appellant cites us to no authority holding that the improper inclusion of such an element constitutes reversible error. Appellees frankly admit that there was no evidence of new and independent cause in this case and that same should not have been included in the court's charge. However, they argue, and we agree, that such inclusion is harmless. Rule 434, Vernon's Texas Rules of Civil Procedure.

The burden was cast upon appellant to demonstrate that the error on the part of the court reasonably and probably caused the rendition of an improper verdict. We hold that appellant has not sustained this burden.

In North Texas Producers Ass'n v. Stringer, 346 S.W.2d 500 (Tex.Civ.App., Fort Worth 1961, writ ref'd n.r.e.), the court pointed out that while a trial court should not incorporate the element of new and independent cause into the definition of proximate cause unless it is in the case and supported with evidence, it would be a rare case indeed where reversible error would flow from an unnecessary inclusion thereof. We agree and overrule appellant's points.

Having carefully considered all of appellant's points of error and finding the same

not to reflect reversible error they are overruled and the judgment of the trial court is affirmed.

Affirmed.