**HEMPHILL–McCOMBS FORD, INC.,**
**Appellant,**

v.

**Sylvia KELLNER, Appellee.**

**No. 14614.**

Court of Civil Appeals of Texas.

San Antonio.

Oct. 18, 1967.

888

J. Mack Ausburn, P. Otis Hibler, San Antonio, for appellant.

Biery, Biery, Woods & Davis, San Antonio, for appellee.

KLINGEMAN, Justice.

Suit for damages for fraud arising out of the sale of an automobile by appellant, Hemphill-McCombs Ford, Inc., to appellee, Sylvia Kellner. Trial was to a jury. Judgment was entered for appellee, based on' the answers of the jury to special issues and a remittitur by appellee of exemplary damages in the amount of $1,500.00, for the sum of $3,537.20, consisting of $1,537.20 actual damages and $2,000.00 exemplary damages.

Four of appellant's points of error relate to purported objections to the trial court's charge to the jury. The only thing in the record pertaining to such purported objections is an instrument in the transcript designated as "DEFENDANTS' OBJECTIONS TO CHARGE OF THE COURT TO THE JURY." This instrument is nowhere signed or endorsed by the judge, and contains no written notations of the judge thereon. There is some mention in the briefs of a stipulation permitting appellant to reduce its objections to the charge of the court to writing and to file them subsequent to the return of the verdict of the jury, but this stipulation is not included in the transcript. In any event, there is nothing in the record to show that such objections were presented to the trial court or that the court at any time passed upon them.

■ Where the instrument designated as objections to the court's charge was not signed by the trial judge, and contains nothing to show it was ever presented to the trial court or acted upon by it, claimed error is not presented for review. Rule 272, Texas Rules of Civil Procedure; Melton v. State, 395 S.W.2d 426 (Tex.Civ.App.—Tyler 1965, writ ref'd n. r. e.); Morris v. Porter, 393 S.W.2d 385 (Tex.Civ.App.—Houston 1965, writ ref'd n. r. e.); Maryland Casualty Co. v. Golden Jersey Creamery, 389 S.W.2d 701 (Tex.Civ.App.—Corpus Christi 1965, writ ref'd n. r. e.); Bituminous Casualty Corp. v. Jordan, 351 S.W.2d 559 (Tex.Civ.App.—Waco 1961, no writ); Texas General Ind. Co. v. McNeill, 261 S.W.2d 378 (Tex.Civ.App.—Beaumont 1953, no writ). Appellant's second, third, fourth and fifth points of error are overruled.

Appellant's other point of error is that "The trial court erred in failing to instruct a verdict for Appellant, because there was no evidence by Appellee as to all of the essential elements of damage required and

therefore no evidence upon which to base a jury issue or finding as to damages."

▪ In considering appellant's point of "no evidence," we must view all the testimony in the light most favorable to appellee and indulge every reasonable intendment deducible from the evidence in such party's favor. Leyva v. Pacheco, 163 Tex. 638, 358 S.W.2d 547 (1962); McCord v. Vilbig Construction Co., 417 S.W.2d 634 (Tex.Civ. App.—Dallas 1967).

Appellee testified that she and appellant's salesman agreed upon a sale of a 1965 Ford LTD automobile to appellee, allowing appellee $1,900.00 trade-in on her automobile and agreeing on a difference of $2,000.00 to be paid by appellee, plus insurance, plus interest at a rate no higher than she had paid at the National Bank of Commerce, with the deferred balance to be payable in monthly installments of $50.00, but not more than $60.00 per month. That on the basis of such agreement, appellee signed a number of instruments in blank and did not discover that such instruments had not been filled out in accordance with the terms agreed upon until about two weeks later, when she received a coupon book from the Main Bank & Trust Co., showing her monthly payments to be $109.98. When appellee called such bank at that time she discovered that the note "without anything added to it was thirty-three hundred something." Appellee also testified that she had a previous car loan with the National Bank of Commerce, and that she believed the interest rate was 6%. Most of the material points of her testimony were controverted by the testimony of appellant's salesman. Appellee called as an expert witness a bank loan officer of the Main Bank & Trust Co., who, when asked: "Assuming that the difference between the trade-in price of the vehicle was $2,000, assuming the same insurance coverage, and assuming that that amount carried interest at 6%, and that the payments were not to exceed $50.00 a month, what would be the amount of the note?" stated that it would be a total note of $3,030.54, consisting of $2,000 principal, in-

surance in the amount of $322.25, and interest in the amount of $708.29, with 60 monthly payments of $50.00, and the 61st monthly payment of $30.54.

The chattel mortgage which was introduced into evidence showed a down payment of $1,045.00, with a balance of $4,568.24 payable in 37 monthly installments of $109.98, and a final installment of $498.98.

The difference in the amount of this note and the total of the "assumed note" above discussed is $1,537.70. The jury found appellee to have suffered actual damages in the amount of $1,537.20 and exemplary damages in the amount of $3,500.

Appellant asserts that even if it be conceded that there is some evidence that the difference appellee was to pay was $2,000, that there is no evidence as to the rate of interest to be charged, and no evidence what the insurance costs would be; and that there is no evidence that the payments were to be $50.00 per month.

▪ While we do not agree with appellant's contention that there is no evidence as to all of the essential elements of damages required, the only evidence as to the cost of insurance was given by the loan officer of the Main Bank & Trust Co., who testified that the figure he used in computing the "assumed note" total was an insurance charge of $322.25, and that this figure was given to him by the attorney for appellee. He further testified that the only information contained in the Bank's file as to insurance in connection with appellant's note was a policy of insurance which showed a premium of $320.00, and that such insurance policy covered a term of one-year. There is no evidence in the record as to the cost of insurance for a term of 61 months. Because of such absence, a finding of actual damages in the sum of $1,537.20 is not supported by the evidence. However, appellant introduced into evidence a "Retail Buyer's Order," which instrument contained the signatures of both appellee and appellant's salesman.

This "Retail Buyer's Order" shows a total cash sales price of $4,440.00 for the LTD Ford automobile, a trade-in allowance of $1,045.00, with a net cash balance of $3,-395.00. The record sufficiently supports an agreed balance of $2,000.00 to be paid by appellee to appellant. In our opinion, the proper amount of actual damages recoverable by appellee is the difference these figures, to-wit, the sum of $1,395.00. See Mack v. Bradford, 359 S.W.2d 941 (Tex. Civ.App.—El Paso 1962, writ dism'd); City Lincoln Mercury v. Ybarra, 308 S.W.2d 67 (Tex.Civ.App.—Dallas 1957, writ dism'd). The judgment of the trial court is reformed so as to provide for actual damages in the sum of $1,395.00, with exemplary damages of $2,000.00, concerning which no complaint was made, aggregating the sum of $3,395.00 damages. As so reformed, the judgment of the trial court is affirmed. Costs are assessed three-fourths against appellant and one-fourth against appellee.