**AMERICAN POZZOLAN CORPORATION,**
Appellant,

v.

**The DESERT TRUCKING COMPANY,**
Appellee.

No. 14848.

Court of Civil Appeals of Texas,
San Antonio.

Jan. 21, 1970.

Rehearing Denied Feb. 18, 1970.

**434**

Edwards, Belk, Hunter & Kerr, El Paso, for appellant.

Malcolm McGregor, Philip T. Cole, El Paso, for appellee.

CADENA, Justice.

This is an appeal by defendant, American Pozzolan Corporation, from a judgment rendered against it awarding plaintiff, The Desert Trucking Company, $15,000.00 as damages. The judgment was based on jury findings of breach of contract by defendant.

Defendant first complains of the failure of the trial court to submit special issues inquiring (1) whether plaintiff had failed to perform its obligation under the contract to keep certain insurance in force, (2) whether plaintiff had assigned its rights under the contract, and (3) whether plaintiff had abandoned the contract.

■ The court did not err in refusing to submit the issue relating to insurance. In its answer, defendant alleged that plaintiff had failed to perform its obligations in several respects, including failure to keep in force the insurance required by the contract. Special Issue No. 3, which was submitted to the jury, inquired whether plaintiff failed to perform under the contract. This issue was answered favorably to plaintiff.

It is clear that the issue relating to insurance was but a shade of the general issue, which was submitted, relating to plaintiff's failure to perform its obligations under the contract. The controlling issue was the performance or non-performance by plaintiff. Since such issue was submitted in general form, defendant was not entitled to a submission of other phases or different shades of the same issue. Hodges, Special Issue Submission in Texas, (1959) 133–136.

■ Further, the evidence is undisputed that, after the alleged breach by defendant, plaintiff did cancel the insurance in question. The last sentence of Rule 272, Texas Rules of Civil Procedure, provides that the trial court "shall only submit controverted questions of fact." Wright v. Vernon Compress Co., 156 Tex. 474, 296 S.W.2d 517 (1957); Consolidated Underwriters v. Whittaker, 413 S.W.2d 709 (Tex.Civ.App.—

Tyler 1967, writ ref'd n. r. e.). Neither in its motion for new trial nor in its brief here does defendant present any point asserting that the cancellation of the insurance, which occurred after defendant told plaintiff to stop performing, precluded recovery by plaintiff.

 Submission of the issue concerning assignment was requested in the same instrument, consisting of one page, as the request for the issue relating to insurance. It is not error to refuse submission of all requested issues included in one instrument where one of the requested issues is properly refused because it is but a shade or phase of some issue submitted in the charge or is conclusively established by the evidence. Edwards v. Gifford, 137 Tex. 559, 155 S.W.2d 786 (1941); 3 McDonald, Texas Civil Practice (1950) § 13.24, p. 1155.

The abandonment issue although separately requested, was properly refused. The instrument embodying the request is not signed by the judge, nor is there any showing that the request was presented to the judge or that a ruling thereon was made. We cannot consider defendant's contention that the trial court erred in failing to submit the requested issue. Rules 272, 276, T.R.C.P.; Hemphill-McCombs Ford, Inc. v. Kellner, 419 S.W.2d 887 (Tex.Civ.App.—San Antonio 1967, no writ); Bituminous Casualty Corporation v. Jordan, 351 S.W.2d 559 (Tex.Civ.App.— Waco 1961, no writ).

Nor was there any pleading to support submission of the abandonment issue. Defendant assigns as error the refusal of the trial court to grant leave for the filing of a trial amendment alleging abandonment of the contract by plaintiff. The record does not reflect that the trial amendment was ever offered, nor does the record contain the trial amendment which defendant proposed to file. The record, therefore, reflects no error. Alcazar v. Southwestern Bell Telephone Co., 353 S.W.2d 933 (Tex. Civ.App.—Austin 1962, no writ).

Finally, defendant asserts that the trial court erred in overruling its objections to the form in which the issue relating to damages was submitted. The instrument in the transcript which is designated as defendant's objections to the charge of the court is not signed by the judge and fails to show that it was ever presented or acted on by the court. No error is presented for review. Rules 272, 276, T.R.C.P.; Hemphill-McCombs Ford, Inc. v. Kellner, supra.

The judgment of the trial court is affirmed.