Ollie and Frances OWEN, Appellants,

v.

OWENS COUNTRY SAUSAGE, INCORPORATED, Appellee.

No. 8309.

Court of Civil Appeals of Texas, Amarillo.

March 19, 1973.

---

Edwards, Smith & Associates (Michael R. Miller), Amarillo, for appellants.

Underwood, Wilson, Sutton, Heare & Berry (Gerald G. Bybee), Amarillo, for appellee.

JOY, Justice.

This is a plea of privilege case.

Appellants (hereinafter referred to as appellant) filed suit in negligence and strict liability for breach of implied warranty of fitness for consumption in the sale of a package of sausage which contained a piece of metal that injured appellant upon his eating the sausage. Appellee filed its plea of privilege which was controverted by appellant. A hearing was had and the trial court sustained the appellee's plea ordering the cause transferred from Potter to Dallas County, Texas. Affirmed.

■ Appellant is here on two assignments of error. First, the appellant by his brief complains that the trial court should have granted appellant's trial amendment to specifically allege that the sausage was eaten in Potter County, Texas. We have before us the transcript only, as we have not been favored with a statement of facts nor findings of fact and conclusions of law by the trial court. In viewing the transcript, we find no motion to amend the pleadings and, further, no ruling by the trial court in reference to a motion. Therefore, the record before us reflects no error. American Pozzolan Corporation v. Desert Trucking Company, 450 S.W.2d 433 (Tex.Civ.App.—San Antonio 1970, writ ref'd n. r. e.); Alcazar v. Southwestern Bell Telephone Company, 353 S.W.2d 933 (Tex.Civ.App.—Austin 1962, no writ).

■ Next, the appellant complains of the granting of the plea of privilege, "where the appellants' controverting affidavit and testimony at the hearing specifically set forth the facts necessary to prove proper venue in Potter County, Texas, under two exceptions and in Vernon's Ann.Civ.St., article 1995." The judgment sustaining the plea contains no findings of fact, merely reciting that the court considered the evidence offered and argument of counsel. Under the state of this record, we are required to presume that the trial court found against the appellant on all issues involved and that upon the hearing appellant failed to establsh one or more of the elements of his cause of action. See Summers v. Skillern & Sons, Inc., 381 S.W.2d 352 (Tex.Civ.App.—Waco 1964, writ dism'd) and Commercial Standard Insurance Company v. Merit Clothing Company, 377 S.W.2d 179 (Tex.1964).

There being no record before us to show facts that might sustain appellant's allegations of venue, we affirm the judgment of the trial court.