**Ralph G. TEMPLETON, Appellant,**

v.

**UNIGARD SECURITY INSURANCE COMPANY, Appellee.**

**No. 17720.**

Court of Civil Appeals of Texas, Fort Worth.

May 12, 1977.

Rehearing Denied. June 2, 1977.

Spivey, Hazel, Scarborough & Grigg and J. Patrick Hazel, Austin, for appellant.

Hudson, Keltner, Smith, Cunningham & Payne and H. S. Sparks III, Fort Worth, for appellee.

## OPINION

MASSEY, Chief Justice.

May 7, 1976 (opinion at 537 S.W.2d 315) this court rendered its judgment in this workmen's compensation case holding, among other things, that where there is claimed to have been a request for leave to file a trial amendment (the purported request for amendment appearing in an instrument we had not permitted to be filed as part of the appellate record) complaint because of denial of such leave would not be considered on appeal.

December 31, 1976 the Supreme Court (setting out local rules under which the trial court conducted litigation, and held not to be inconsistent with Texas Rules of Civil Procedure) reversed this court on its failure to file the supplement transcript. *Templeton v. Unigard Security Insurance Company*, Tex., 550 S.W.2d 267.

Reference is made to the prior opinions of this court and the Supreme Court for purposes of clarification.

Upon receipt of the Supreme Court's mandate we directed that the supplemental transcript be filed; with the case rebriefed. In that aspect of the appeal, all others having been properly disposed according to the Supreme Court, we heard the appeal anew.

Judgment of the trial court is affirmed.

Plaintiff urges that the trial court was in error in refusing to grant his request for leave to file a trial amendment by which he desired to specifically allege that at time of his injury he was a "borrowed employee". He contends that as a matter of law the request was timely; that the refusal to

permit the same constituted an abuse of discretion on the part of the court; and that the refusal amounted to such a denial of the rights of plaintiff under provision of Rule 434 of the Texas Rules of Civil Procedure as was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case.

Upon investigation of the record we find that no "trial amendment", as by instrument in specie, was prepared and tendered to the trial court with request for leave that it be permitted to be filed. A request relating to such an amendment appears in the body of the instrument denominated "Plaintiff's Objections and Exceptions to the Court's Charge". This was the only instrument in the supplemental transcript we had denied leave to file and therefore refused to consider as part of the appellate record in our opinion and judgment of May 7, 1976.

In such instrument plaintiff objected because by Special Issue No. 1 the charge failed to inquire whether he was a borrowed employee or borrowed servant of the company he contended to have been his master at time of his injury. This was dictated to the court reporter in the presence of the court. The court announced that the objection would be overruled "on the ground there are no pleadings whatsoever of borrowed employee contained in either the Plaintiff's Original Petition or his First Amended Original Petition on file herein." The court's announcement appears in the "Plaintiff's Objections and Exceptions" and not elsewhere.

At this point plaintiff, by his attorney, proceeded to dictate to the court reporter (to whom the Objections and Exceptions to the Charge were being dictated) the following: "Comes now the Plaintiff and after the Court's ruling on his requested special issue regarding borrowed employee, respectfully requests of the Court that in the interest of justice he be allowed to file a trial amendment by interlineation or otherwise that would submit this issue to the Jury regarding a borrowed employee." The court added by dictation: "And for the

reason that this request is not timely made by any means, coming after both sides have rested and closed, the Court would respectfully decline to permit such trial amendment."

Of course the ruling and decision of the judge of the court wherein there was refusal to permit amendment of existing pleadings by interlineation could not be error; we do not understand plaintiff to contend that it could have been error. This resolves the substance of plaintiff's dictated request as: "Plaintiff requests he be allowed to file a trial amendment alleging that he was a borrowed employee of the alleged employer." Necessarily does plaintiff represent in what has been stated that he was told that if and in the event he prepared an instrument of trial amendment, and if and in the event he tendered it to the trial court with the request that leave be granted to file the same as part of the pleadings in the case, such leave to file would be by the trial court refused.

█ To prepare and tender such an instrument of trial amendment to the court, and have the court endorse thereon the fact of the refusal to permit the same to be filed, would in our opinion, and by our holding in this case, persist as part of the duty of the plaintiff in the perfection of a complaint on appeal. A bill of exceptions because of the refusal of a tendered trial amendment would properly become part of the record on appeal by this procedure.

█ An appellate record presenting complaint by showing that "if" plaintiff had made the attempt to obtain leave to file a trial amendment such attempt would not have been of any avail is not sufficient to demonstrate error which would occasion reversal of the judgment, even assuming the desired amendment to have been one the trial court should have permitted.

Plaintiff's complaint did qualify as a bill of exceptions to what actually occurred in that the court's ruling does appear as a matter of record in "Plaintiff's Objections and Exceptions to the Court's charge".

What is not made part of the bill, however, is that there was a denial of opportunity or time for exercise of the right to prepare and tender the trial amendment to the court for his consideration and notation thereon of "granted" or "refused". In other words, it was by the plaintiff's own choice that no instrument constituting a trial amendment was tendered to the court. Therefore, for appellate purposes the plaintiff has not shown that he invoked the exercise of discretion by the trial court to grant or deny its leave to file a proffered amendment.

In a case where there was allowance of amendment by interlineation of existent pleadings it was stated by former Chief Justice Alexander, as follows: "Ordinarily the amendment (of a pleading) should be made either by filing a new pleading, as provided in Rule 64, Texas Rules of Civil Procedure, or by trial amendment as provided for in Rule 66." *Buchanan v. Jean*, 141 Tex. 401, 172 S.W.2d 688, 689 (1943). It was held in another case that where a party moved orally for leave to file a trial amendment, without its having been prepared in written form, proper practice would be for the court to require that proposed trial amendment be presented in exact form desired before ruling in order that opposing party might clearly develop prejudice, if any, which would result from the trial amendment. *Century Rental Equipment, Inc. v. Neo-Flasher Mfg. Co.*, 378 S.W.2d 957, 958 (Tex.Civ.App.—Houston 1964, no writ). It has been held that where the record does not show the proposed trial amendment, and where there is nothing in the record to show that the proposed trial amendment was presented to the court, a point of error complaining of the refusal to permit it cannot be reviewed on appeal. *Alcazar v. Southwestern Bell Telephone Company*, 353 S.W.2d 933, 935 (Tex.Civ. App.—Austin 1962, no writ). See other cases in Tex.Dig. "Appeal and Error", ☞ 681, "Amendments."

Under like circumstances it has been held that with nothing more shown than that a litigant desired to file a trial amendment a denial would not constitute an abuse of discretion. *Lone Star Steel Company v. Owens*, 302 S.W.2d 213, 219 (Tex.Civ.App.— Texarkana 1957, writ ref'd n. r. e.).

We hold in this case that it could not be said that the trial court abused his discretion in the denial of the proffer of the non-existent trial amendment. This is our holding even though it be assumed that the trial court would have erred in the refusal had the same been reduced to writing and tendered. It would only be where there was an abuse of discretion by the trial court in refusing to allow an actually existent trial amendment to be filed that an appellate court could reverse the judgment in the case because of the refusal. With a properly prepared and presented trial amendment existent yet would it be improper to reverse absent our additional finding that error by its refusal was prejudicial. The circumstances must be such as would require reversal and remand by Rule 434, Texas Rules of Civil Procedure. In view of our holding that there was not error by the court in denying leave to file the trial amendment plaintiff obviously desired, we would not reach the question of reversibility by Rule 434. In an abundance of precaution we state that our holding would be that there was reversible error by that rule in view of the evidence adduced on trial. Such conditional holding would be important only if we should be held in error by our primary holding hereinabove explained.

By error on the initial appeal this court denied leave to file supplemental transcript; by remand of the Supreme Court we have allowed the transcript to be filed and have reconsidered the case on appeal along with the contents thereof in order to finally determine proper disposition.

The judgment of the trial court is affirmed.