**HERITAGE MANOR, INC., Appellant,**

**v.**

**Kathy TIDBALL, Appellee.**

**No. 04–86–00203–CV.**

Court of Appeals of Texas,
San Antonio.

Feb. 18, 1987.

Jeffrey Jones, Austin, for appellant.

Phil Watkins, Catherine M. Stone, San Antonio, for appellee.

Before BUTTS, REEVES and CHAPA, JJ.

CHAPA, Justice.

This appeal arises from a common law action brought by appellee, Kathy Tidball, to recover damages for personal injuries sustained while she was working for the appellant, Heritage Manor, Inc. at the time of the accident. Heritage Manor was not a subscriber of Workmen's Compensation.

The case was tried to a jury which found that Heritage Manor failed to furnish Tidball with a safe place to work, and that such failure was negligence which proximately caused Tidball's injuries. The jury awarded Tidball damages in the amount of $101,849.83.

On March 8, 1985, Tidball was employed by Heritage Manor as a nurse's aide when she slipped and fell in a wet area on the floor of the room occupied by Mrs. Robbie Sumner and her roommate Mrs. Mae Matthews. Prior to the incident Blanca Carrasco, the housekeeping employee of Heritage Manor responsible for cleaning Mrs. Sumner's room, had cleaned and damp mopped the floor of the room in question. Carrasco testified that she made it a practice of not only cleaning and damp mopping the floors of the rooms but that she also was charged with the responsibility of inspecting the floors for safety. Carrasco also testified that on the day in question she did in fact inspect the room involved.

Tidball testified that shortly before the incident Mr. Sumner, the patient's husband, requested that Tidball come to his wife's room to help get his wife dressed. Tidball further testified that at the time she got the request from Mr. Sumner, she noticed at the end of the hall a housekeeping cart indicating that Carrasco was cleaning in the area of the room in question. The evidence further disclosed that about ten minutes later Tidball proceeded to Sumner's room to assist her and found no one in the room. Proceeding with her chores in the room, the accident occurred which resulted in her personal injuries.

During the trial several employees of Heritage Manor testified that Mr. Sumner had a propensity to spill water while attempting to assist his wife; however, there was no direct evidence that he spilled any water on the day in question. They further testified that Tidball had told them she had fallen in some water spilled by Mr. Sumner, which Tidball denied at the trial. This evidence was permitted at the trial without objection from Tidball, which resulted in the first four points of error on appeal.

At the conclusion of the evidence, Heritage Manor sought and filed a hand-written trial amendment alleging a new, independent and intervening cause of Tidball's injuries. The court included an instruction on new, independent and intervening cause in the charge, which permitted Heritage Manor to argue to the jury Mr. Sumners' propensities as a new, independent and intervening cause of the accident in question.[1]

Heritage Manor's first and third points of error complain of the alleged refusal of the trial court to permit the filing of a trial amendment on sole proximate cause. Heritage Manor relies on TEX.R.CIV.P. 67 contending that the issue of sole proximate cause was tried by consent since the evidence of Mr. Sumner's propensity for spilling water while assisting his wife was admitted in the trial without objection. Tidball disagrees contending the record fails to reflect that a trial amendment was ever offered, that the trial amendment was denied by the trial court, or that the trial amendment was in fact prepared in writing as required by TEX.R.CIV.P. 67. Tidball further contends that the issue of sole proximate cause was not tried by consent since the evidence of Mr. Sumner's propensity was beneficial to her allegations that Heritage Manor should have known of the dangerous conditions, and thereby justified no objection.

TEX.R.CIV.P. 67 provides as follows:

When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. In such cases such amendments of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made by leave of court upon motion of any party at any time up to the submission of the case to the court or jury, but failure so to amend shall not effect the result of the trial of these issues; provided that written pleadings, before the time of submission, shall be necessary to the submission of special issues, as is provided in rules 277 and 279.

The trial judge has considerable discretion in permitting or denying trial amendments. Therefore the standard of review is abuse of discretion. A litigant cannot discharge his burden of showing an abuse of discretion where no written trial amendments were ever tendered for filing during the trial and where no such instrument is found in the record. *Robert Nanney Chevrolet Co. v. Evans and Moses*, 601 S.W.2d 411 (Tex.Civ.App.—Beaumont 1980, no writ); *Templeton v. Unigard Security Insurance Co.*, 551 S.W.2d 514 (Tex.Civ.App.—Fort Worth 1977, writ ref'd n.r.e.). When the record does not reflect that the trial amendment was ever offered, nor contains the trial amendment which the party proposed to file, the record reflects no error. *American Pozzolan Corp. v. Desert Trucking Co.*, 450 S.W.2d 433 (Tex.Civ.App.—San Antonio 1970, writ ref'd n.r.e.).

In the case at bar, the record fails to reflect that a written trial amendment was ever offered and does not contain the trial amendment which Heritage Manor proposed to file. The only reference to the said trial amendment involving sole proximate cause is found in that portion of the record where Heritage Manor objected to the charge of the court, and implied that leave to file such an amendment had been denied by the court. The response of the trial court in the record merely overrules

---

1. In point of error number one pertaining to the alleged denial of a trial amendment on sole proximate cause, appellant merely adds (Tr. 78) which is the hand written trial amendment alleging new, independent and intervening cause. No other explanation for the addition is found in the brief. If the appellant is vaguely suggesting that this amendment covers sole proximate cause, he falls short of the requirements of TEX.R.APP.P. 74, and the court has no obligation to search out the record and authorities to discover what appellant may mean. *Hale v. Ramsey*, 524 S.W.2d 436 (Tex.Civ.App.—Austin 1975, no writ); *Blackmon & Associates, Inc. v. Palmer Building Supplies & Specialties, Inc.*, 463 S.W.2d 228 (Tex.Civ.App.—Corpus Christi 1971, writ ref'd n.r.e.). Nevertheless, a careful review of the record reflects no written trial amendment raising sole proximate cause.

the requested instructions by Heritage Manor pertaining to sole proximate cause. Further, Tidball's argument of justification for not objecting to the evidence of Mr. Sumner's propensities could have appropriately convinced the trial judge that the issue of sole proximate cause was not tried by consent. Heritage Manor has failed to establish abuse of discretion as to the allegations of points of error one and three, and they are overruled.

In points of error two and four, Heritage Manor complains of the trial court's denial of its requested instruction on sole proximate cause.

TEX.R.CIV.P. 277 provides: "Inferential rebuttal issues shall not be submitted." Sole proximate cause is an inferential rebuttal issue defined as a denial issue, which should be submitted to the jury by way of instruction. *Charter Oak Fire Insurance Co. v. Taylor*, 658 S.W.2d 227 (Tex.App.—Houston [1st Dist.] 1983, no writ); *Select Insurance Co. v. Boucher*, 551 S.W.2d 67 (Tex.Civ.App.—Houston [1st Dist.] 1977), *aff'd*, 561 S.W.2d 474 (Tex. 1978); *McCane Sondock Detective Agency v. Penland Distributors, Inc.*, 523 S.W.2d 62 (Tex.Civ.App.—Houston [14th Dist.] 1975, no writ). The sufficiency of the explanation necessary in the charge to enable the jury to render a verdict is left up to the discretion of the trial judge. *McCane*, 523 S.W.2d 62. Thus it is clear that the standard of review is abuse of discretion. *Charter Oak*, 658 S.W.2d 227.

A requested instruction of a inferential rebuttal issue should be given only if there are pleadings raising the issue and there is some evidence presented at the trial in support thereof. *Charter Oak*, 658 S.W.2d 227; *Scott v. Atchison Topeka & Santa Fe Railroad Co.*, 572 S.W.2d 273 (Tex.1978).

In the case at bar, the record reflects no pleadings raising the issue of sole proximate cause. Therefore, Heritage Manor has failed to establish abuse of discretion as to the allegation of points of error two and four and they are overruled.

The remaining points of error claim that there was either no evidence or insufficient evidence to support the findings of the jury pertaining to the failure to provide a safe place to work, negligence, and proximate cause. A "no evidence" point is a question of law and we can consider only that evidence and the reasonable inferences therefrom which viewed in its most favorable light supports the jury findings and we must reject all evidence or reasonable inferences to the contrary. *Glover v. Texas General Indemnity Co.*, 619 S.W.2d 400, 401 (Tex.1981); *McClure v. Allied Stores of Texas, Inc.*, 608 S.W.2d 901, 904 (Tex. 1980). In determining the factual sufficiency of the evidence "the court of appeals must consider and weigh all evidence, and should set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust." *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex.1986); *Dyson v. Olin Corp.*, 692 S.W.2d 456, 457 (Tex.1985).

We must further remain cognizant that it is for the jury to judge the credibility of the witnesses, to assign the weight to be given their testimony, and to resolve any conflicts or inconsistencies in the evidence. *Town & Country Mobile Homes, Inc. v. Bilyeu*, 694 S.W.2d 651, 656 (Tex.App.— Fort Worth 1985, no writ).

In the instant case Heritage Manor had a primary, continuing and nondelegable duty, in the exercise of ordinary care, to furnish Tidball with a reasonably safe place to work. *Harrison v. Harrison*, 597 S.W.2d 477, 482 (Tex.Civ.App.—Tyler 1980, writ ref'd n.r.e.); *Cabrera v. Delta Brands Inc.*, 538 S.W.2d 795, 797 (Tex.Civ. App.—Texarkana 1976, writ ref'd n.r.e.). Because this case arose from a "slip and fall" incident, it was Tidball's burden to prove: (1) Heritage Manor through its agents and employees put the wet substance on the floor, or (2) that Heritage Manor knew that the substance was on the floor and failed to remove it, or (3) that the substance had been on the floor for such a period of time that with the exercise of ordinary care, it should have been discovered and removed by Heritage Manor. *Texas*

*Farm Products Co. v. Stock,* 657 S.W.2d 494, 502 (Tex.App.—Tyler 1983, writ ref'd n.r.e.).

A review of the evidence discloses that Carrasco used water on the floor the day in question. Carrasco was charged with the responsibility of not only cleaning and mopping the floors, but also of inspecting the floors for safety. Further her housekeeping cart was seen in the vicinity of the room in question shortly before the incident, presenting an opportunity for her to discover the dangerous conditions which caused the injury.

Considering all the record we cannot say that the jury's findings are so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Cain v. Bain,* 709 S.W.2d at 176; *Dyson v. Olin Corp.,* 692 S.W.2d 457. We find sufficient evidence to support all of the jury's findings, and the remaining points of error are therefore overruled.

The judgment of the trial court is affirmed.