



## MEMORANDUM OPINION

No. 04-09-00451-CV

Beatrice **ESCAMILLA**,
Appellant

v.

**P.C. MAILING SERVICES, INC.**,
Appellee

From the County Court at Law No. 7, Bexar County, Texas
Trial Court No. 310,793
Honorable David Rodriguez, Judge Presiding

Opinion by:     Sandee Bryan Marion, Justice

Sitting:        Karen Angelini, Justice
                Sandee Bryan Marion, Justice
                Steven C. Hilbig, Justice

Delivered and Filed: April 7, 2010

REVERSED AND REMANDED

Beatrice Escamilla worked as a line sorter for appellee P.C. Mailing Services, Inc. ("PCMS").

On April 30, 2004, her coworker was operating a pallet jack to move a pallet of boxes. The

coworker hit Escamilla with the pallet jack and boxes, knocking her to the floor and causing her

injuries. Escamilla sued PCMS for negligence, alleging PCMS (1) failed to maintain the premises

in a safe and proper manner and/or (2) failed to remove, or properly warn of, the dangerous

condition.[1] PCMS filed a no-evidence motion for summary judgment, which the trial court granted. In her sole issue on appeal, Escamilla argues the trial court erred in granting PCMS's motion for summary judgment because she presented more than a scintilla of evidence as to each of the elements of her negligence claim. We reverse and remand.

## STANDARD OF REVIEW

We review a trial court's ruling on a motion for summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). We review the evidence in the light most favorable to the non-movant and disregard all contrary evidence and inferences. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003). If the trial court does not specify the ground upon which it based its ruling, as in this case, we will affirm the summary judgment if any of the grounds in the summary judgment motion can be sustained. *See Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 242 (Tex. 2001) (per curiam). A court will sustain a no-evidence motion for summary judgment when either (1) there is a complete absence of evidence of a vital fact, (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (3) the evidence conclusively establishes the opposite of the vital fact, or (4) the evidence offered to prove a vital fact is no more than a mere scintilla. *King Ranch*, 118 S.W.3d at 751. Thus, a no-evidence summary judgment is improperly granted if the respondent brings forth more than a scintilla of probative evidence to raise a genuine issue of material fact. TEX. R. CIV. P. 166a(i); *King Ranch*, 118 S.W.3d at 751. More than a scintilla of evidence exists if it would allow reasonable and fair-minded people to differ in their conclusions. *King Ranch*, 118 S.W.3d at 751. Less than a

---

[1] PCMS is a nonsubscriber under the Texas workers' compensation law and is therefore responsible for work-related injuries under common law principles of negligence. *See Brookshire Bros., Inc. v. Lewis*, 997 S.W.2d 908, 912 (Tex. App.—Beaumont 1999, pet. denied).

scintilla of evidence exists when the evidence is so weak as to do no more than create a mere surmise or suspicion of a fact. *Id.*

## NEGLIGENCE

To establish a claim for common law negligence, a plaintiff must produce evidence to establish four elements: (1) a legal duty owed by one person to another, (2) a breach of that duty, and (3) damages (4) proximately caused by the breach. *D. Houston, Inc. v. Love*, 92 S.W.3d 450, 454 (Tex. 2002). In its no-evidence motion, PCMS asserted there was no evidence to create issues of fact for the elements of duty, breach of duty, and proximate cause.[2] Thus, the burden shifted to Escamilla to produce more than a scintilla of evidence to raise a genuine issue of material fact on each of these elements. *See* TEX. R. CIV. P. 166a(i); *Forbes Inc. v. Granada Biosciences, Inc.*, 124 S.W.3d 167, 172 (Tex. 2003).

**A. Duty**

We first consider whether Escamilla presented more than a scintilla of evidence that PCMS owed Escamilla a legal duty. Escamilla argues PCMS, among other things, owed her a duty to provide a safe work environment. Although an employer is not an insurer of its employees' safety, an employer has a duty of ordinary care to provide a safe work place for employees. *Exxon Corp. v. Tidwell*, 867 S.W.2d 19, 21 (Tex. 1993); *see Heritage Manor, Inc. v. Tidball*, 724 S.W.2d 952, 955 (Tex. App.—San Antonio 1987, no writ) (employer has primary, continuing and non-delegable duty, in the exercise of ordinary care, to furnish employee with reasonably safe place to work). The employer must, for example, (1) provide rules for the safety of employees, (2) furnish reasonably safe machinery and equipment, and (3) exercise ordinary care to select careful and competent fellow

---

[2] PCMS does not dispute that Escamilla suffered damages.

employees. *See Kroger Co. v. Elwood*, 197 S.W.3d 793, 794 (Tex. 2006); *Barton v. Whataburger, Inc.*, 276 S.W.3d 456, 461 (Tex. App.—Houston [1st Dist.] 2008, pet. filed).

Here, Escamilla presented an Accident Summary Report completed by a PCMS supervisor, which identifies Escamilla as a PCMS employee. She also presented a typed accident report signed by her supervisor, which also indicates she was an employee. In short, Escamilla presented uncontroverted evidence that she was an employee of PCMS, and her status as an employee of PCMS gave rise to PCMS's duty to exercise ordinary care in providing for her a safe workplace. *See LMC Complete Automotive, Inc. v. Burke*, 229 S.W.3d 469, 476 (Tex. App.—Houston [1st Dist.] 2007, pet. denied) (employee status gives rise to employer's duty to exercise ordinary care in providing safe workplace). Therefore, Escamilla presented more than a scintilla of evidence that PCMS owed her a duty of ordinary care in providing for her a safe work place.

## B. Breach of Duty

We next consider whether Escamilla presented more than a scintilla of evidence that PCMS breached its duty to exercise ordinary care in providing a safe work place. From her deposition, Escamilla presented the following testimony:

> [W]e were working on the line. I was sorting and we stopped to get more material and clean-up our areas, which we do every so often. And I was picking up the garbage and Monica, the—she was the machine operator, went to go get material. And she was coming back with a pallet full of material boxes and I was cleaning—picking up garbage so we could clear the area. And I picked up the garbage, and as I turned around, I seen her coming. She was kind of close and I looked at it, she was coming real fast. She was pushing it real fast and kind of smiling and I said, hey, you know, and I turned and she hit me. I tried to get out of her way and turned and she hit me and she knocked me down. Trash just flew up all over the place and I fell, landed on my elbow and my head and hit the concrete.

After reviewing the evidence in the light most favorable to Escamilla and disregarding all contrary evidence and inferences, we conclude Escamilla's deposition presented more than scintilla of evidence that PCMS, through an employee acting within the course and scope of her employment, breached its duty to use ordinary care by driving the pallet jack into Escamilla. *See F.F.P. Operating Partners, L.P. v. Duenez*, 237 S.W.3d 680, 686 (Tex. 2007) (under doctrine of respondeat superior, principal or employer may be vicariously liable for tortious acts of agent or employee if acts are within course and scope of employment); *cf. Wal-Mart Stores Texas, LP v. Crosby*, 295 S.W.3d 346, 349, 352-53 (Tex. App.—Dallas 2009, pet. denied) (trial court found pallet jack operator breached duty of reasonable care by driving jack into shopper); *Wal-Mart Stores, Inc. v. Holguin*, No. 09-99-00088-CV, 2000 WL 20703, at *1 (Tex. App.—Beaumont Jan. 13, 2000, no pet.) (not designated for publication) (trial court found Wal-Mart negligent after employee-operated pallet jack struck shopping cart which struck shopper); *Brookshire Bros., Inc. v. Camp*, No. 01-93-00001-CV, 1993 WL 471406, at *4 (Tex. App.—Houston [1st Dist.] Nov. 18, 1993, no writ) (holding employer, through act of employee, breached duty of care when pallet jack operator caused jack to collide with shopper's cart, which caused cart to strike shopper; evidence gave rise to reasonable inference that employee either lost control of pallet or did not keep proper lookout).

## C. Proximate Cause

Finally, we consider whether Escamilla presented more than a scintilla of evidence that PCMS proximately caused her injuries. The Accident Summary Report she presented states she hurt her right elbow and hit her head when she was "knocked to [the] floor by [a] pallet jack bumping into her." She also presented her deposition testimony, in which she explained how her coworker knocked her down with the pallet jack, and as a result, she was diagnosed with a broken arm and a

concussion.  This evidence clearly amounted to more than a scintilla of evidence as to proximate cause.  In sum, Escamilla produced more than a scintilla of evidence to raise a genuine issue of material fact on each of the elements required to sustain her negligence claim: duty, breach of duty, and damages proximately caused by the breach.  Therefore, we conclude the trial court erred in granting PCMS's motion for summary judgment.

## CONCLUSION

We reverse the trial court's judgment in favor of PCMS, and we remand the cause to the trial court for further proceedings.


Sandee Bryan Marion, Justice